IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA RESEARCH CENTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
| | ) No. 10-2013 (ESH) |
| U.S. DEPARTMENT OF JUSTICE; THE SOLICITOR GENERAL OF THE UNITED STATES, | ) |
| Defendants. | ) |

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
| | ) No. 11-00426 (ABJ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR CONSOLIDATION**

**INTRODUCTION**

The United States Department of Justice ("Department") – a defendant in both *Media Research Center v. U.S. Department of Justice*, No. 10-2013 (ESH) and *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 11-00426 (ABJ) – respectfully moves, pursuant to Fed. R. Civ. P. 42 and Local Civ. R. 40.5 to consolidate these two actions before this Court. In both cases, plaintiffs seek to compel the Department, under the Freedom of Information Act ("FOIA"), to disclose the same types of records generated during the same period of time. Consolidation of

these two actions is appropriate because, despite minor differences, both actions present the same central legal issue.  Consolidation would thus serve the interests of judicial economy and eliminate the risk of inconsistent judgments.  Additionally, because both actions are at the same early stage of litigation, consolidation of these actions will not result in prejudice to either plaintiff.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated . . . ."[1] In accordance with this Rule, the Court has discretion to consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation.  *See Judicial Watch, Inc. v. United States Department of Energy, et al.,* 207 F.R.D. 8, 8-9 (D.D.C. 2002).  *See also American Postal Workers Union v. United States Postal Svc.*, 422 F.Supp.2d 240, 245 (D.D.C. 2006) ("[C]ourts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions) (internal quotations and citations omitted).

The two actions at issue in this motion are appropriate for consolidation because they raise the same core claim under FOIA and present the same central legal issue.  At their core, both actions seek to compel the Department to disclose, pursuant to FOIA, the same types of records generated during essentially the same period of time – *i.e.,* records about any

---

[1] Local Rule 40.5(d) provides that in this district, "[m]otions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned."  If the motion is granted, the later-numbered case shall be reassigned.

involvement former Solicitor General Elena Kagan may have had in that drafting of or legal challenges to the Patient Protection and Affordable Care Act ("PPACA") signed by President Obama on March 23, 2010.  *See Media Research Center* Complaint, ¶ 6 (seeking records of communications to or from then-Solicitor General Elena Kagan, and notations of meetings attended by then-Solicitor General Kagan, pertaining to three topics: (1) then-pending legislative health-care proposals; (2) legal challenges to PPACA; and (3) recusal of then-Solicitor General Kagan (in her role as Solicitor General) from any particular case due to the possibility that she might be confirmed to a seat on a federal court that subsequently might hear such case); *Judicial Watch* Complaint, ¶ 7 (seeking "records about any involvement Justice Kagan may have had with [PPACA] during her tenure as U.S. Solicitor General[, s]pecifically . . . records . . . concerning the constitutionality of [PPACA]").  *See also Media Research Center* Complaint at 5 (requesting as relief an order compelling disclosure of these records); *Judicial Watch* Complaint, at 4 (requesting as relief an order compelling disclosure of all non-exempt records and a *Vaughn* index of any responsive records withheld pursuant to an exemption).  Indeed, both actions seek, in part, release of identical records from the same source.

      The resolution of both actions, despite minor differences, will turn largely on how the Court answers one central question: whether certain of the records sought by both plaintiffs are subject to mandatory disclosure under the FOIA.  Consolidation of these actions before one judge will avoid duplicative review of this central issue and thus serves the interest of judicial economy.  *See Judicial Watch v. Department of Energy,* 207 F.R.D. at 8 (consolidating two FOIA actions brought by different plaintiffs in the interest of judicial economy)*; Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidating two actions brought by different plaintiffs because they both challenge essentially the same agency action),

*vacated on other grounds*, 276 F.3d 627 (D.C. Cir. 2002); *Hanson v. District of Columbia*, 257 F.R.D. 19, 21-23 (D.D.C. 2009) (consolidating cases brought by different plaintiffs against same defendant where cases present same question of law because "consolidation would save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two"). Consolidation will also avoid the risk of conflicting results in the two actions. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reerve Sys.*, 2011 WL 941609, Slip op. at *2 (D.D.C. Mar. 21, 2011) ("risk of inconsistent rulings on common . . . legal questions" favors consolidation); *Judicial Watch v. Department of Energy,* 207 F.R.D. at 9 ("interest of . . . preventing inconsistent rulings" rendered consolidation "appropriate"). The need for uniform guidance is especially strong here, because at least one other party has made a FOIA request for substantially the same records that are at issue in these actions, which request is administratively pending before the agency. Consolidation and uniform guidance, therefore, is in the best interest of not only all of the parties to these actions, but also the general public.

  The differences between these two actions are peripheral and do not undermine these strong justifications for consolidation. The material sought in the *Judicial Watch* request specifies that it seeks records "concerning the constitutionality of [PPACA]" whereas the records sought in the *Media Research Center* request likely encompasses the material sought by the *Judicial Watch* request but also seeks records concerning any "then-pending legislative health-care proposal[]," any legal challenge – not just those bringing constitutional claims – to PPACA, and recusal decisions by Ms. Kagan in her capacity as Solicitor General. Additionally, the *Judicial Watch* request seeks records of communications of the Office of the Solicitor General as a whole, whereas the *Media Research Center* request only sought records of communications "to or from [then-] Solicitor General Elena Kagan." These differences are inconsequential,

however, because both requests seek records of similar nature, and claims will turn more generally on whether these records are subject to mandatory disclosure under FOIA.  The consolidation of actions is appropriate regardless of the presence of different claims or different issues of law or fact; it is sufficient that there is any common question of law or fact – in this instance the central questions of law.  *See Mylan Pharmaceuticals*, 94 F.Supp.2d at 44 ("consolidation is proper to *any or all* matters in issue which are common") (emphasis in original); Wright & Miller, § 2382 (existence of one common question of law suffices for consolidation).  Consolidation of these two actions will in no way impede the ability of either plaintiff to pursue any separate claims.  See *Mylan Pharmaceuticals*, 94 F.Supp.2d at 43 (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan R Co.*, 289 U.S. 479, 496-97 (1933)); *see also* Wright & Miller § 2382.

     Nor will consolidation of these actions result in any other prejudice to the plaintiffs.  *Cf. Nat'l Ass'n of Mortg. Brokers*, 2011 WL 941609 at *2 (court should weigh risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings).  While these cases were initiated approximately 3 months apart, briefing in *Media Research Center*, the earlier-filed case, is in its early stages, and set to be completed in mid-May.  The Department anticipates that briefing in *Judicial Watch*, the later-filed case, could be completed relatively quickly.  Moreover, neither plaintiff in either case has asserted an immediate need for either the records sought or final resolution of the litigation, let alone suggested that a delay of several months would be intolerable.  Accordingly, any delay to either party as a result of consolidation would be neither significant nor sufficient to outweigh the

benefits of consolidation here.  *See Hanson*, 257 F.R.D. at 23 (slight delay in proceedings caused by consolidation does not amount to sufficient prejudice to disfavor consolidation); *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007) (same).

## CONCLUSION

For the reasons set forth above, the Court should find that consolidation of *Media Research Center v. U.S. Department of Justice*, No. 10-2013 (ESH) and *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 11-00426 (ABJ) before this Court is appropriate and grant the Department's motion.

Dated: April 6, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

/s/ Julie Straus
Julie Straus
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C., 20044
Delivery Address
20 Massachusetts Ave., NW., Room 6126
Washington, DC 20001
Telephone: (202) 514-7857
Fax: (202) 616-8460
Julie.Straus@usdoj.gov

COUNSEL FOR DEFENDANTS