UNITED STATES DISTRICT COURT FOR THE

DISTRICT of COLUMBIA

| | |
|---|---|
| MEDIA RESEARCH CENTER )<br>)<br>)<br>    Plaintiff )<br>)<br>v. )<br>) <br>U.S. DEPARTMENT OF JUSTICE; )<br> THE SOLICITOR GENERAL )<br> OF THE UNITED STATES )<br>)<br>    Defendants )<br>_____) | Civil Action No.:  10-2013 (ESH) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR CONSOLIDATION**

Plaintiff, MEDIA RESEARCH CENTER (MRC) herewith files its Opposition to the motion of defendant the U.S. Department of Justice (the DOJ) to consolidate this case with *Judicial Watch v. U.S. Department of Justice,* Civil Action No. 11-426 (ABJ) ("the Judicial Watch case").

**Introduction**

It has been like pulling teeth to get documents from defendants in this case and to move this case along.  As soon as it was signed into law by the President on March 23, 2010, the Patient Protection and Affordable Care Act  (PPACA)[1] was challenged in several federal court actions around the country.  It was almost certain that one or more of those cases would eventually be decided by the U.S. Supreme Court.

On May 10, 2010, the President nominated Elena Kagan, who was then the Solicitor General, to fill an upcoming vacancy on the Supreme Court created by the

---

[1] Pub.L.No. 111-148, 124 Stat. 119

1

announcement of Justice John Paul Stevens that he planned to step down at the end of the Court's 2009-2010 term.  On May 25, 2010, CNSNews.com, a division of MRC, made demand on the Office of the Solicitor General (OSG) for documents relating to Ms. Kagan's attendance at meetings at which what eventually became the PPACA was a topic of discussion, and for documents relating to any discussion that Ms. Kagan concerning whether she ought to recuse herself from acting as Solicitor General because of the prospect that she might be confirmed to a seat on the Supreme Court.  After first denying plaintiff's requests, the OSG on June 25, 2010 withdrew its earlier FOIA denial and asked for clarification about some of the documents MRC was seeking in its FOIA request.  MRC responded the same day and then heard nothing more from defendants.

Plaintiff filed this action in late November 2010.  Defendants answered the Complaint but they were silent on whether they intended to produce any documents responsive to the FOIA request.  The parties submitted a Joint Scheduling Report to this Court in which defendants sought a more extended briefing schedule and plaintiff sought a speedier schedule. This Court issued its Briefing Schedule Order on January 18, 2011, which defendants then successfully sought to extend to the dates now in place.  Now, defendants seek to consolidate this case with another one, with the result that this case will be still further delayed.

**Argument**

The DOJ contends that because this case and the Judicial Watch case involve the same central legal issue, and because both cases are "at the same early stage of litigation" (DOJ Motion at 2) this Court may and should consolidate both cases.

Not so.  If, as the DOJ contends, both cases present the same central legal issue, that does not argue for consolidation and its consequent delay of this case.  Instead, it argues for

expediting the Judicial Watch case.  For the DOJ has already conducted what it claims is a diligent search for documents responsive to the FOIA requests in this case and has located some 1400 responsive documents.  Valerie Hall Declaration ¶ 14.  It has reviewed them all against what it considers the legal issue in this case (and therefore the legal issue in that case as well) and it has determined that it need produce only 45 of those documents, and it has done so.  *Id.* ¶ 15.  If the DOJ means it when it argues that the legal issues in this case and the Judicial Watch case are the same, then the DOJ should be able to accelerate the Judicial Watch case by duplicating in that case its document production, the Hall Declaration, and even the *Vaughn* index it has used in this case.

Even if the DOJ accelerated its production of documents and associated pleadings in the Judicial Watch case, that would not justify consolidation of this case and that one.  The Judicial Watch case would still be significantly behind this one on the litigation track, and that is the source of the prejudice to plaintiff MRC if these cases were consolidated.

If the DOJ believes in the rightness of its argument that the documents it has withheld in this case need not be produced under the FOIA, then there should be little chance of inconsistent decisions in this case and the Judicial Watch case.  The DOJ can expect the same decision in both cases: that the records sought in both cases are not subject to mandatory disclosure under the FOIA.  The DOJ, however, may be concerned that it cannot persuade a Judge in two separate cases that the documents at issue should be withheld.  It may believe that its motion, if granted, will double its odds.

The DOJ cites *Judicial Watch v. Department of Energy*, 207 F.R.D. 8 (D.D.C. 2002), a consolidated FOIA case, in support of its motion here, but that case does not really help the DOJ.  There, the Court described the two FOIA requests at issue as "essentially identical."

3

*Id.* at 9.  In addition, documents had not been produced by the government to plaintiffs in either of the parallel cases sought to be consolidated, the future production date in both cases was the same, and the Court found that the slight differences in the briefing schedules in the two cases did not mean that the claims of both plaintiffs could not be decided contemporaneously if the cases were consolidated.

None of those facts is present in this case, and that makes all the difference.  The DOJ has acknowledged in its motion that the FOIA requests at issue in this case and in the Judicial Watch case are not the same.  It noted the differences in the scope of the records sought, Motion at 4, but it has tried to gloss over those differences by contending that the documents sought in both cases are of a "similar nature." *Id.* at 5.  That is a long way from saying, as the Court did in *Judicial Watch*, that the requests are "essentially identical. 207 F.R.D. at 9.

Moreover, these cases are not similarly developed.  Here, defendants have moved for summary judgment, plaintiff has filed its opposition and, after defendants file their reply by May 15, this case will be ripe for decision.  In the Judicial Watch case, as of the date of filing of this pleading, the docket in that case shows that only an answer has been filed.  No documents have been produced and no briefing schedule has been set.

**CONCLUSION**

Because the FOIA requests in these cases are different and because they are so procedurally dissimilar, this Court should not consolidate them, for doing so would necessarily and needlessly abate this case in order to let procedural events in the Judicial Watch case catch up with this one.  Plaintiff should not have this case delayed still further.  It began with plaintiff's

request for records almost 10 months ago.  The DOJ's motion will stretch this case out for several months more.

                MEDIA RESEARCH CENTER
                By Counsel

                _____/s/_____

                Christopher T. Craig, Esq.
                D.C. Bar No. 450296
                Robert R. Sparks, Jr.
                D.C. Bar No. 219444
                Sparks & Craig, LLP
                6862 Elm Street, Suite 360
                McLean, Virginia 22101
                703/848-4700 – telephone
                703/893-7371 - facsimile